IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1062

Filed 6 August 2024

Cleveland County, Nos. 22 CRS 50267-69

STATE OF NORTH CAROLINA, Plaintiff,

v.

JOSEPH CLAYTON JONES, Defendant.

Appeal by defendant from a judgment entered 24 February 2023 by Judge Julia Lynn Gullett in Cleveland County Superior Court. Heard in the Court of Appeals 15 May 2024.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Alexander H. Ward, for the State.*
>
> *W. Michael Spivey for defendant-appellant.*

DILLON, Chief Judge.

Defendant Joseph Clay Jones appeals from a judgment entered upon a jury's verdict convicting him of possession of a firearm by a felon, possession of a weapon of mass destruction, and possession of methamphetamine. We conclude that he received a fair trial, free of reversible error.

I.     Background

Defendant argues that the trial court erred by allowing improper character evidence to be admitted and by denying Defendant's motion to dismiss for insufficiency of the evidence.

The evidence presented at trial tends to show: On 25 January 2022, Defendant's girlfriend reported to the police that Defendant, a convicted felon, had guns in his house. Upon obtaining a search warrant for Defendant's house, officers found firearms and methamphetamine in Defendant's bedroom. As a result, Defendant was charged with three crimes: (1) possession of a firearm by a felon; (2) possession of a weapon of mass destruction; and (3) possession of methamphetamine.

At trial, Defendant objected to the admission of evidence concerning his prior conviction and renewed his objection when the State sought to elicit the evidence before the jury. At the close of evidence, Defendant made a motion to dismiss for insufficiency of the evidence, which the trial court denied. Both issues were preserved for appellate review.

The jury found Defendant guilty on all charges, and the trial court entered a judgment consistent with the jury's verdict. Defendant appeals.

## II. Analysis

### A. Prior Conviction Evidence

Defendant argues that the trial court abused its discretion when it allowed, over Defendant's objection, the State's cross-examination of one of Defendant's witnesses about Defendant's prior conviction for possession of a firearm by a felon.

At trial, Defendant conceded that he was a convicted felon, thus satisfying the State's burden on one of the elements of the firearm possession charge. Defendant conceded this fact because he did not want the jury to hear that the felony for which he had previously been convicted (in 2018) was also for possession of a firearm by a felon. His defense in the trial in the present case was that the firearms found in his home were not his. Accordingly, evidence that he had been previously convicted of possession of firearms would cut against his defense.

In his defense, Defendant called his mother as a witness. She testified that she had never known Defendant to possess firearms—specifically stating that she knew Defendant would "know better," that "[h]e would never do something like that," that she had "never seen [Defendant] have any guns at all, ever," that she had "never known [Defendant] to have any guns, period," and that she had "never known him to possess a gun."

However, she admitted that she was in the courtroom in 2018 when her son pleaded guilty to his prior felony and had spoken to Defendant's attorney at that time, though she also testified she did not know for what felony he had pleaded guilty.

During cross-examination, the State sought to question Defendant's mother about Defendant's 2018 conviction for possession of a firearm by a felon. The State argued, in part, that the mother's testimony, that she had "never known" Defendant to possess a firearm, opened the door for cross-examination about her knowledge of his 2018 conviction. Specifically, the State wanted to impeach her testimony by

showing she was not being truthful, as she admitted being in the courtroom when Defendant essentially admitted (by pleading guilty) to possessing a firearm at some point in the past.

The trial court ruled that Defendant's prior conviction was relevant, in part, for "regular cross-examination," such as to show bias, knowledge, etc.

Accordingly, the State was permitted to cross-examine Defendant's mother, asking her, "Are you aware that on November 6th of 2018, your son was convicted of possession of a firearm by a convicted felon?"

Defendant argues that—because he initially stipulated to fact that he was a convicted felon—the evidence of his prior conviction was not relevant and should have been excluded under N.C. Gen. Stat § 8C-1, Rule 404(a) (2024) ("Evidence of a person's character . . . is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion[.]").

We first consider whether the 2018 conviction was relevant evidence. N.C. Gen. Stat. § 8C-1, Rule 402 (stating that relevant evidence is generally admissible). Whether evidence is relevant is a question of law, the admission of which we review *de novo*. *See State v. Hightower*, 168 N.C. App. 661, 667, 609 S.E.2d 235, 239, *disc. review denied*, 359 N.C. 639, 614 S.E.2d 533 (2005).

We conclude the evidence that Defendant had pleaded guilty in his mother's presence to possessing firearms was relevant *to impeach her credibility* as a witness; specifically, to impeach her testimony that she had never known her son to possess

guns. *See* N.C. Gen. Stat. § 8C-1, Rule 607 ("The credibility of a witness may be attacked by any party[.]").

Notwithstanding, not all relevant evidence is admissible. The trial court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." N.C. Gen. Stat. § 8C-1, Rule 403. We review the trial court's Rule 403 determination for an abuse of discretion. *State v. Triplett*, 368 N.C. 172, 178, 775 S.E.2d 805, 809 (2015); *State v. Mason*, 315 N.C. 724, 731, 340 S.E.2d 430, 435 (1986) (holding that under Rule 403 the trial court judge has sound discretion regarding whether to exclude evidence as unduly prejudicial).

Evidence of Defendant's pleading guilty in 2018 with his mother in the courtroom is probative to show that Defendant's mother was not being truthful during her direct testimony. There is, however, a chance that Defendant would be unduly prejudiced by the jury hearing about his 2018 plea/admission to possessing a firearm. That is, there is a chance the jury would use that information to help form their belief that he must have been the owner of the guns found in his home for which he was being tried in this case. However, we cannot say that the trial court abused its discretion by failing to determine that any undue prejudice outweighed the legitimate probative value for which the 2018 plea was offered, to impeach Defendant's witness.

### B. Motion to Dismiss

Defendant also argues that the trial court erred in denying his motion to dismiss the charge of possession of methamphetamine for insufficiency of the evidence. Specifically, he argues that the evidence presented against him was not sufficient to show his constructive possession of the methamphetamine found.

We review a trial court's denial of a motion to dismiss *de novo*. *See State v. Chekanow*, 370 N.C. 488, 492, 809 S.E.2d 546, 550 (2018). So long as there is substantial evidence to support a reasonable inference of the defendant's guilt, a motion to dismiss is properly denied "even if the evidence likewise permits a reasonable inference of the defendant's innocence." *State v. Butler*, 356 N.C. 141, 145, 567 S.E.2d 137, 140 (2002).

"Evidence of constructive possession is sufficient if it would allow a reasonable mind to conclude that the defendant had the intent and capability to maintain control and dominion over the contraband." *State v. Earhart*, 134 N.C. App. 130, 136, 516 S.E.2d 883, 888 (1999) (citing *State v. Beaver*, 317 N.C. 643, 346 S.E.2d 476 (1986)). Constructive possession "can be reasonably inferred from the fact of ownership of the premises where contraband is found." *State v. Thorpe*, 326 N.C. 451, 455, 390 S.E.2d 311, 314 (1990). The defendant may have the requisite power to control, either "acting alone or in combination with others." *State v. Fuqua*, 234 N.C. 168, 170–71, 66 S.E.2d 667, 668 (1951).

Here, evidence showed that Defendant owned and inhabited a trailer in which officers discovered a substance that Defendant stipulated to be methamphetamine.

Officers searched the trailer on a day that Defendant was not present. The drug was discovered on a mirror table at the foot of Defendant's bed. On Defendant's bedside table, officers also found digital scales, drug paraphernalia, and a glass smoke pipe. Additionally, the State presented evidence that, while on a jail phone call, Defendant told his visitor that the officers probably "found something on that mirror."

Since Defendant owned the premises on which the methamphetamine was found, the substance was found in his bedroom, and his statement in jail about "something on the mirror" seemed to suggest that he was aware of the presence and specific location of drugs in his home, we conclude that there was sufficient evidence from which the jury could find Defendant constructively possessed methamphetamine.

Defendant argues that because he was not home on the day that the methamphetamine was found, and because other individuals sometimes visited the home, the State cannot prove constructive possession. However, our Supreme Court has found the evidence to be sufficient to support a jury's finding of constructive possession where the defendant was absent at the time of the search and three other individuals were present. *See State v. Allen*, 279 N.C. 406, 183 S.E.2d 680 (1971).

## III.  Conclusion

We conclude that Defendant received a fair trial, free from reversible error.

NO ERROR.

Judges ZACHARY and ARROWOOD concur.